UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN NORTHRUP,

     Plaintiff,

v.                                                                          Case No. 6:17-cv-2025-Orl-37TBS

FLORIDA'S FINEST INSURANCE,
INC.,

     Defendant.

_____

## ORDER

In the instant action, Plaintiffs assert claims against Defendant for violations of the Telephone Consumer Protection Act. (Doc. 1 ("**Complaint**").) On review, the Complaint is due to be dismissed without prejudice as an impermissible shotgun pleading.

Shotgun pleadings come in a variety of forms. *See, e.g.*, *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). The most common type "is [one] containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. Such pleadings impose on the Court the onerous task of sifting out irrelevancies to determine which facts are relevant to which causes of action. *See id.* at 1323. Described as "altogether unacceptable," by the U.S. Court of Appeals for the Eleventh Circuit, when a shotgun pleading is filed in this Court, repleader is required. *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997); *see also Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125–28 (11th Cir. 2014). If the Court does not

require repleader, then "all is lost." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.,* 162 F.3d 1290, 1333 (11th Cir. 1998).

Here, the Complaint evidences the most common form of shotgun pleading, as Count II incorporates the preceding allegations. (*See* Doc. 1, ¶ 56.) This is impermissible. Hence the Complaint must be dismissed. If Plaintiff chooses to replead, the amended complaint must clearly delineate which factual allegations are relevant to each claim.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2.      On or before Monday, **December 4, 2017**, Plaintiff may file an amended complaint that remedies the deficiency identified in this Order. Failure to timely file may result in this action being closed without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 27, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record